# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>TRUNG NGUYEN,<br>　　　　Defendant. | Case No. 20-cr-00112-BLF-1<br><br>**ORDER RE APPLICATION OF SENTENCING GUIDELINES** |

Before the Court is the sentencing of Defendant Trung Nguyen for violation of 18 U.S.C. § 922(g)(1) – possession of ammunition as a felon. ECF No. 89 ("PSR") at 1. The Court is required to calculate the applicable sentence range under the U.S. Sentencing Guidelines (the "Guidelines" or "USSG"). The parties disagree over the base offense level, which the U.S. Probation Officer calculated as 20 under USSG § 2K2.1(a)(4)(A). PSR at 6. The Government agrees with this calculation, while Defendant asserts the base offense level is 14. ECF No. 88 at 3 (U.S.); ECF No. 87 at 4 (Defendant). The Court held a sentencing hearing on September 13, 2022 and provided an oral ruling before imposing sentence. This written order formalizes the oral ruling and is based on the parties' submissions, the parties' oral arguments, and the trial record. The Court decides the Defendant's base offense level is 20.

## I. BACKGROUND

Nguyen was arrested on December 19, 2019 after being found by San Jose Police Department officers parked in his vehicle. PSR at 5. During a search, the officers found a plastic bag with approximately 20 grams of presumptively positive methamphetamine, $900 (in $100 bills), a cylinder-shaped glass pipe, and a firearm containing a magazine loaded with five rounds of ammunition. *Id.* An indictment was filed on March 5, 2020, charging Nguyen with a violation

1  of 18 U.S.C. § 922(g)(1) – Felon in Possession of Ammunition.  *Id.* at 4.  Nguyen pled guilty on

2  October 26, 2021.  *Id.*

3  The U.S. Probation Officer's Revised Presentence Investigation Report outlines Nguyen's

4  criminal history.  *Id.* at 7-14.  As is relevant here, in 2010, Nguyen was convicted of a felony

5  violation of California Health and Safety Code ("CHSC") § 11359, possession of marijuana for

6  sale.  *Id.* at 8.  On April 29, 2020, this conviction was reduced to a misdemeanor by a state

7  superior court in accordance with Proposition 64.  *Id.*; ECF No. 87 at 9.

## II. DISCUSSION

The Guidelines provide rules for calculating a base offense level.  Violations of 18 U.S.C. § 922(g)(1) are governed by USSG § 2K2.1.  Under USSG § 2K2.1(a)(4)(A), the base offense level is 20 if the defendant committed the instant offense subsequent to sustaining a felony conviction of either a crime of violence or a controlled substance offense.  The Presentence Investigation Report calculates a base offense level of 20 based on Nguyen's 2010 state felony conviction for possession of marijuana for sale.  PSR at 6.

Nguyen asserts that because the 2010 conviction was reduced to a misdemeanor under Proposition 64 in 2020, that felony drug conviction cannot be considered at sentencing, and therefore the base offense level should be 14 under the Guidelines.  ECF No. 87 at 9-15.  He cites to the statutory language of 28 U.S.C. § 921, which defines terms for purposes of 28 U.S.C. § 922(g):

> What constitutes a conviction of [a felony] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.  Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

28 U.S.C. § 921(a)(20).  Nguyen asserts that his felony conviction was set aside and his civil rights were restored when the superior court reduced his offense to a misdemeanor pursuant to Proposition 64, and therefore his 2010 felony conviction should not count as a prior felony conviction of a controlled substance offense for purposes of USSG § 2K2.1(a)(4)(A).  ECF No. 87 at 9-15.  He relies on *United States v. Palmer*, a sentencing case from the Ninth Circuit Court of

Appeals. *Id.* at 10-11. The court in that case decided the district court erred by relying on the defendant's previous state conviction for marijuana manufacturing in setting the base offense level at 20 because the state had since restored his civil rights. 183 F.3d 1014, 1017-18 (9th Cir. 1999). The court held that USSG § 2K2.1(a)(4)(A) improperly conflicted with 18 U.S.C. § 921(a)(20) and the statute controlled, meaning the district court erroneously considered the marijuana conviction. *Id.* The Government asserts that the 2010 felony conviction should be considered under USSG § 2K2.1(a)(4)(A) because it was a felony conviction at the time of the conduct at issue in this case. ECF No. 88 at 3-4.

The Court notes that the *Palmer* decision has never been cited or followed by a district court within the Ninth Circuit or the Ninth Circuit itself, and at least one other circuit court has declined to follow it. *See United States v. Hoyle*, 751 F.3d 1167, 1173-74 (10th Cir. 2014). Further, a survey of more recent Ninth Circuit cases involving the effects of Proposition 64 on federal sentences compels a different result. In 2017, the Ninth Circuit denied an individual's motion to vacate, set aside, or correct his federal sentence on the basis that it had relied on two state felony convictions that had since been reclassified as misdemeanors pursuant to Proposition 64. *United States v. Ochoa-Garcia*, No. 3:97-00077-RCJ-VPC-3, 2017 WL 4532489, at *1 (9th Cir. Oct. 10, 2017). The court noted it is "settled in the Ninth Circuit that an expunged or dismissed state conviction nonetheless qualifies as a prior conviction under the Sentencing Guidelines if the expungement or dismissal 'does not alter the legality of the conviction or does not represent that the defendant was actually innocent of the crime.'" *Id.* at *2 (quoting *United States v. Norbury*, 492 F.3d 1012, 1015 (9th Cir. 2007)). The court also cited *United States v. Diaz*, in which it had stated that a federal sentence could rely on a state felony conviction that had been expunged because the expungement "did not change the historical fact that . . . the defendant had been convicted of the felony in the past. *Id.* at *2 (quoting *Diaz*, 838 F.3d 968, 973 (9th Cir. 2016)). The court ultimately chose not to reopen the defendant's sentence on the basis that "a subsequent state-court modification of a prior conviction cannot retroactively change that conviction's effect under the Sentencing Guidelines, unless the modification was due to (1) actual innocence of the defendant, or (2) legal errors in state-court proceedings." *Id.* at *3. And district

courts have relied on *Diaz* in denying motions to vacate, set aside, or correct sentences following Proposition 64, "finding that such state law cannot retroactively reclassify felony convictions to misdemeanors for purposes of federal law." *United States v. Cortez*, No. 2:95-cr-0020 WBS KJN, No. 2:96-cr-0089 WBS KJN, 2021 WL 3165038, at *3 (E.D. Cal. July 27, 2021) (collecting cases).

The Ninth Circuit also recently held that expungement of a CHSC § 11359 conviction pursuant to Proposition 64 did not affect the immigration consequences of the previous conviction. *Prado v. Barr*, 949 F.3d 438, 441 (9th Cir. 2020). The court relied on the fact that the conviction was vacated for reasons "unrelated to the merits," as opposed to "a procedural or substantive defect in the criminal proceedings." *Id.* (quoting *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141 (9th Cir. 2010)). While that case was decided in the immigration context, the same reasoning extends here.

Finally, a United States Supreme Court decision dealing with a similar question under the Armed Career Criminal Act ("ACCA") is instructive. *McNeill v. United States*, 563 U.S. 816 (2011). Under ACCA, a prior state conviction qualifies as a "serious drug offense" if it carries "a maximum term of imprisonment of ten years or more." *Id.* at 817. In assessing how to determine the maximum sentence for a prior state drug offense, the Court held that it would look at the maximum sentence applicable to the offense at the time of the defendant's conviction for that offense as "absurd results . . . would follow from consulting current state law to define a previous offense." *Id.* at 820-22.

## III.    FINDINGS

The Court determines that Defendant's base offense level is 20 pursuant to USSG § 2K2.1. The Court used this base offense level in deciding Nguyen's sentence, which was announced from the bench.

Dated:  September 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge

4