UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

TRUNG NGUYEN,

Defendant.

Case No. 20-cr-00112-BLF-1

**ORDER REQUIRING RESPONSE TO DEFENDANT'S § 2255 MOTION AND SETTING BRIEFING SCHEDULE; DENYING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS; AND DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

[Re: ECF 137]

Defendant Trung Nguyen ("Nguyen"), proceeding pro se, has filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). *See* § 2255 Motion, ECF 137. Appended to the § 2255 Motion are an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. *See id*.

After conducting a preliminary review of the § 2255 Motion, the Court finds it appropriate to order a response from the Government and set a briefing schedule.

Nguyen's application to proceed IFP and his motion for appointment of counsel are both DENIED.

## I. BACKGROUND

*Indictment for Felon in Possession of Ammunition, Conviction, and Affirmance on Appeal*

On March 5, 2020, a grand jury issued an Indictment charging Nguyen with a single count of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, ECF 1. Nguyen entered an open plea of guilty at a hearing before this Court on October 26, 2021. *See* Criminal Minutes, ECF 67.

United States District Court
Northern District of California

On September 13, 2022, Nguyen was sentenced to a 36-month term of imprisonment followed by a 3-year term of supervised release. *See* Criminal Minutes, ECF 94. Judgment was entered on September 15, 2022. *See* Judgment, ECF 97. The judgment was affirmed on appeal in an unpublished memorandum issued by the United States Court of Appeals for the Ninth Circuit. *See* Mem., ECF 111.

*Revocation of Supervised Release*

Following completion of Nguyen's prison term, supervision commenced on March 20, 2025. *See* Am'd Pet. for Warrant, ECF 133. Nguyen missed substance abuse counseling on several occasions in May 2025 and June 2025. *See id*. He also submitted multiple positive urinalysis drug tests in June 2025, July 2025, and August 2025. *See id*. On June 2, 2025, Nguyen was charged in state court with assault and related counts arising out of an incident in which he punched his girlfriend, strangled her with a plastic bag, and threatened to kill her. *See id*. Nguyen pled no contest to Battery of an Intimate Partner in violation of California Penal Code § 243(e) and was sentenced to 45 days of custody followed by three years of probation. *See id*.

In an Amended Petition for Warrant for Person Under Supervision filed in this Court in November 2025, Nguyen was charged with three violations of his conditions of supervised release: (1) violating mandatory condition number one that he not commit another federal, state, or local charge; (2) violating special condition number four requiring him to participate in a program of testing and treatment for drug abuse; and (3) violating mandatory condition number three stating in relevant part that he shall refrain from unlawful use of a controlled substance. *See* Am'd Pet. for Warrant, ECF 133. Nguyen admitted to all three charges at a hearing before this Court on November 25, 2025. *See* Criminal Minutes, ECF 135. The Court revoked Nguyen's supervised release and sentenced him to an 8-month term of imprisonment followed by a 28-month term of supervised release. *See id*. Judgment on the supervised release violations issued on November 25, 2025. *See* Judgment on SRV, ECF 136.

*Current § 2255 Motion*

On August 21, 2026, Nguyen filed the current pro se § 2255 Motion challenging the September 2022 judgment of conviction. *See* § 2255 Motion, ECF 137. He asserts a single claim

United States District Court
Northern District of California

of ineffective assistance of counsel ("IAC") at the plea stage of his criminal proceedings based on his counsel's alleged failure to advise him of the immigration consequences of his guilty plea. *See id*. Nguyen also seeks leave to proceed IFP and for appointment of counsel. *See id*.

## II. PRELIMINARY REVIEW OF § 2255 MOTION

### A. Legal Standard

A prisoner in federal custody may move to vacate, set aside, or correct his sentence based on a claim that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "The judge who receives the motion must promptly examine it." Rules Governing § 2255 Proceedings, Rule 4(b), 28 U.S.C. foll. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id*. If the judge does not summarily dismiss the motion, however, the judge must order the Government to respond. *See id*.

"[A] district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (quotation marks, citation, and footnote omitted). Put another way, "[t]o avoid summary dismissal, a petitioner must allege specific facts which, if true, would entitle him to relief and the petition, files and record of the case cannot conclusively show that he is entitled to no relief." *Blick v. United States*, No. C20-1877-JCC, 2021 WL 693644, at *1 (W.D. Wash. Feb. 23, 2021) (quotation marks and citations omitted).

A claim that defense counsel was ineffective at the plea stage is cognizable under § 2255. *See United States v. Rodriguez-Vega*, 797 F.3d 781, 784 (9th Cir. 2015). To prevail on such a claim, the defendant must show that counsel's performance was deficient and that the defendant suffered resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *see also United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022) (applying *Strickland* standard

when evaluating IAC claim raised in § 2255 motion).

**B. Analysis**

With respect to the deficient performance prong, a criminal defense attorney must advise a noncitizen client that a guilty plea may carry adverse immigration consequences. *See Rodriguez-Vega*, 797 F.3d at 786. Moreover, "where the law is succinct, clear, and explicit that the conviction renders removal virtually certain, counsel must advise his client that removal is a virtual certainty." *Id*. (internal quotation marks and citation omitted). Nguyen alleges that he has been a lawful permanent resident of the United States since 1990; his guilty plea had adverse immigration consequences, including "mandatory deportation, mandatory detention"; and he was not advised of those consequences by his counsel when he entered his guilty plea. § 2255 Mot.

With respect to the prejudice prong, a defendant asserting an IAC claim in connection with a plea agreement need not show that he would have fared better at trial to prove prejudice. *See Rodriguez*, 49 F.4th 1205, 1213. Rather, the defendant must show that he would not have entered the plea and would either have gone to trial or received a better plea bargain. *See id*. Nguyen's § 2255 Motion does not expressly allege that he would not have entered a guilty plea had his counsel advised him of the immigration consequences of the plea. *See* § 2255 Mot. However, based on Nguyen's allegations regarding the adverse consequences resulting from his guilty plea, the Court infers that to be the thrust of his IAC claim.

For screening purposes, Nguyen's allegations must be taken as true unless they are "palpably incredible or patently frivolous." *United States v. Leonti*, 326 F.3d 1111, 1114 (9th Cir. 2003). Nguyen's allegations do not appear to be incredible or frivolous. Taking those allegations as true, the Court finds that Nguyen has presented a nonfrivolous claim of IAC.

Accordingly, the Court will direct the Government to respond to the § 2255 motion pursuant to the briefing schedule set forth in Section V below.

**III. IFP APPLICATION**

Nguyen has filed an application to proceed IFP so that he may proceed on his § 2255 Motion without prepaying fees or costs. *See* Applic. to Proceed IFP, ECF 137. His application is unnecessary because no filing fee is required for motions brought under 28 U.S.C. § 2255. *See*

*United States v. Welch*, No. 2:20-CR-00052-DCN, 2024 WL 5186595, at *6 (D. Idaho Dec. 20, 2024) (denying IFP application as unnecessary on the ground that filing fees are not required for § 2255 motions); *United States v. Brown*, No. 2:11-cr-0249 TLN DB P, 2021 WL 5407625, at *1 (E.D. Cal. Nov. 18, 2021) ("No filing fee is required for motions brought under 28 U.S.C. § 2255(a). Therefore, movant's motion to proceed in forma pauperis will be denied as moot.").

Nguyen's application to proceed IFP is DENIED.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Nguyen has filed a motion for appointment of counsel to litigate his § 2255 Motion. *See* Mot. for Appointment of Counsel, ECF 137. "[T]here is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding." *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995). This Court has discretion to appoint counsel to financially eligible persons in § 2255 proceedings if "the court determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). Such counsel must be appointed "[i]f necessary for effective discovery" or if "an evidentiary hearing is warranted." Rules Governing § 2255 Proceedings, Rules 6(a), 8(c), 28 U.S.C. foll. § 2255. The Court cannot yet determine whether discovery and/or an evidentiary hearing will be necessary in this case, and it does not appear that the interests of justice otherwise require appointment of counsel at this time.

Nguyen's motion for appointment of counsel is DENIED.

//

//

//

//

//

//

//

//

//

//

United States District Court
Northern District of California

## V. ORDER

(1) Having conducted a preliminary review of Nguyen's § 2255 Motion, the Court HEREBY ORDERS as follows:

(a) Within 60 days after the date of this order, the Government shall file either an answer or a motion to dismiss.

(b) If the Government files an answer, it shall conform to Rule 5 of the Rules Governing Section 2255 Cases. Nguyen may file an optional reply within 30 days after the answer is filed.

(c) If the Government files a motion to dismiss, Nguyen may file opposition within 30 days after the motion is filed, and the Government may file a reply within 15 days after the opposition is filed.

(2) Nguyen's application to proceed IFP is DENIED.

(3) Nguyen's motion for appointment of counsel is DENIED.

Dated: August 27, 2026

BETH LABSON FREEMAN
United States District Judge